[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On November 16, 2001, the plaintiff, Mary Carroll, filed a three count complaint against the defendants, George Hulton and Sikorsky Aircraft Corporation, as a result of injuries she allegedly sustained while working at Sikorsky. Counts one and two are brought against Hulton and count three is brought against Sikorsky. Carroll alleges that she was assaulted by Hulton during the course of her employment with Sikorsky. She further alleges that Sikorsky engaged in a cover up to prevent her from seeking compensation for her injuries.
On December 21, 2001, Sikorsky filed a motion to strike count three of the complaint, arguing that Carroll: (1) failed to allege any cognizable cause of action against Sikorsky; (2) failed to allege that Sikorsky caused her any harm; and (3) any alleged cause of action against Sikorsky relating to an injury suffered in the workplace is barred by the Workers' Compensation Act. On April 15, 2002, the motion to strike count three was granted for all of the reasons proffered by the defendant.
On April 29, 2002, Carroll filed a revised complaint. Count three of the revised complaint is virtually identical to count three of the original complaint, with the exception of two additional allegations. On July 17, 2002, Sikorsky filed a motion to strike count three of the revised complaint on the grounds that Carroll has failed to state a cognizable cause of action and her claim is barred by the Workers' Compensation Act. Sikorsky submitted a memorandum in support of its motion to strike. On October 10, 2002, Carroll submitted a memorandum of law in opposition to the motion to strike.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270, CT Page 1361709 A.2d 558 (1998). "The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. . . . [T]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Citation omitted; internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378, 698 A.2d 859 (1997). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505
(2001)
In the present case, the plaintiff has failed to state a claim upon which relief can be granted. Reading the revised complaint in the light most favorable to the plaintiff, Carroll, count three fails to allege a cognizable cause of action because Carroll has submitted virtually the same allegations that were in her original complaint. The basis of Carroll's claim against Sikorsky is that after she was assaulted by Hulton, Sikorsky willfully and maliciously "engaged in a course of action intending to cover up the facts and thwart [her] from seeking just compensation for her injuries and losses." (Revised Complaint, ¶¶ 9, 10.) In the revised complaint, Carroll further alleges that these actions, on the part of Sikorsky, "were a matter of company policy and not of a rogue employee." (Revised Complaint, ¶ 11.) Additionally, Carroll alleges that "as a direct result of the actions of Sikorsky, [she] suffered mental, emotional and financial damages." (Revised Complaint, ¶ 12.)
The allegations in the revised complaint still do not support a cause of action because they do not sound in any legal theory that would permit recovery. In ruling on the motion to strike count three of the original complaint, Judge Holzberg held that the allegations of a cover up "[fail] to state a claim upon which relief can be granted. It does not assert a cause of action sounding in tort, contract or any other theory that would permit recovery." Carroll v. Hulton, Superior Court, judicial district of Waterbury, Docket No. CV 01 0168390 (June 13, 2002, Holzberg, J.). Sikorsky's motion to strike count three of the revised complaint should be granted on the ground that it fails to state a cognizable cause of action against Sikorsky.
Additionally, Sikorsky moves to strike count three of the revised complaint because Carroll's claim is barred by the exclusivity provision of the Workers' Compensation Act. In granting Sikorsky's motion to strike count three of the original complaint, Judge Holzberg held that ""[a]n CT Page 1362 intentional tort committed upon the employee by another, which causes personal injury arising out of and in the course of his employment is covered by the compensatory provisions of the Workmens' Compensation Act.'" Carroll v. Hulton, supra, Superior Court, Docket No. CV 01 0168390, quoting Jett v. Dunlap, 179 Conn. 215, 218, 425 A.2d 1263
(1979). Although Carroll has revised her complaint to include the allegation that the actions of Sikorsky were a matter of company policy and not of a rogue employee, this allegation is insufficient to avoid the exclusivity provision of the Workers' Compensation Act because the alleged intentional tort committed by Hulton, which gives rise to this action, "is covered by the compensatory provisions of the Workmens' Compensation Act." Jett v. Dunlap, supra, 218. "[I]f the assailant is only another employee who cannot be so identified, then the strict liability remedies by the Workmens' Compensation Act are exclusive and cannot be supplemented with common-law damages." Id., 219. Accordingly, Sikorsky's motion to strike count three of the revised complaint is granted.
___________________, J. DUBAY CT Page 1363